UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY WHITE,

        Petitioner,

  -v-

UNITED STATES OF AMERICA,

        Respondent.

24-cv-5590 (JSR)
19-cr-277-1 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is petitioner Larry White's pro se motion to vacate his conviction and sentence under 28 U.S.C. § 2255. ECF No. 79.[1] On October 21, 2025, Magistrate Judge Katharine H. Parker issued a Report and Recommendation (the "R&R") recommending denial of the petition. ECF No. 102. On December 9, 2025, White timely filed his objections to the R&R. ECF No. 103. The Government responded to the petitioner's objections on January 6, 2026. ECF No. 104.

For the following reasons, the Court adopts the R&R in its entirety and denies White's motion.

I.   Background

On November 5, 2019, White pleaded guilty to felony possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g); conspiracy to commit robbery under the Hobbs Act, in violation of

_____

[1] All docket citations refer to entries from docket number 19-cr-277-1.

1

18 U.S.C. § 371; and conspiracy to commit arson, in violation of 18 U.S.C. § 371. See ECF Nos. 30-34. At his plea allocution, White stated that he was satisfied with his representation by his then-defense attorneys, that he understood his rights, that he understood he would give up certain rights by pleading guilty, and that he was not threatened or coerced to plead guilty. See ECF No. 102 at 3-4.

Prior to sentencing, however, White requested to withdraw his guilty plea, alleging that his attorneys had provided ineffective assistance, including by failing to properly investigate a potential alibi witness. The Court did not credit any of White's allegations but nonetheless permitted him to withdraw his guilty plea and retain new counsel, Robert Walters. Id. at 4.

White then pleaded guilty again, this time to five counts. Specifically, he pleaded guilty to a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); possessing and brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) (Count Four); robbery and aiding and abetting robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951 (Count Six); being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Ten); and arson, in violation of 18 U.S.C. § 844(i) (Count Twelve). See ECF No. 102 at 4-5. White again confirmed that his plea was voluntary and knowing. Id.

On April 28, 2021, the Court sentenced White to 180 months' imprisonment, with 96 months to run concurrently on Counts One, Six, Ten, and Twelve, and 84 months on Count Four to run consecutively to the sentence for the other counts. ECF No. 102 at 5. The Court also ordered three years of supervised release on Counts One, Six, Ten, and Twelve, and five years on Count Four, with all supervised release terms to run concurrently. Id.

On July 16, 2024, White moved under 28 U.S.C. § 2255 for relief. He argued that his Fourth Amendment rights were violated when his cellphone was seized by law enforcement during his arrest on March 7, 2019, and that his attorneys had rendered ineffective assistance of counsel. ECF No. 79. Magistrate Judge Parker issued her R&R on October 21, 2025, recommending denying the petitioner's motion. ECF No. 102.

## II. Legal Standard

In reviewing a report and recommendation from a magistrate judge, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a timely objection has been made to a magistrate judge's recommendations, "[the district court judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b).

Relief under Section 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000).

### III. Discussion

#### A. Ineffective Assistance of Counsel

To establish a constitutional violation for ineffective assistance of counsel, a movant must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

White asserts that his counsel was ineffective for several reasons. He alleges that his counsel (1) failed to investigate an alibi defense; (2) failed to challenge eyewitness testimony; (3) pressured White to plead guilty; (4) filed insufficient pre-trial motions; (5) regularly communicated belief in White's guilt; and (6) admitted White's guilt to Pretrial Services. ECF No. 79 at 17.

White's petition refers to counsel without distinguishing between his earlier-appointed and later-appointed counsel, though some arguments, such as pressure to plead guilty, belief of guilt, and admission of guilt to Pretrial Services, clearly refer to

4

White's earlier counsel. To the extent that any of White's assertions of ineffective assistance relate to his initial defense counsel, those arguments are largely moot, since the Court permitted White to withdraw the guilty plea he entered into upon the advice of his initial counsel, and he was subsequently represented by new counsel.[2]

While White argues as a general proposition that ineffective assistance early on in a prosecution may irreparably prejudice a defendant throughout the entirety of the proceedings, he makes no showing that such prejudice occurred here. See Sica v. United States, 2019 WL 6341300, at *3 (S.D.N.Y. Nov. 26, 2019); Sloane v. Rock, 2011 WL 2020573, at *7 (Apr. 6, 2011). Indeed, as the Government notes, White fails to provide evidence suggesting that his initial defense counsel committed any irreversible errors that prevented his later counsel from raising arguments at any subsequent stage of the proceedings, or in any other way prejudicing White. See ECF No. 104 at 9-10. In fact, the record

---

[2] Even if not moot, White's arguments would fail anyway. For example, he argues that his initial defense counsel rendered ineffective assistance by pressuring him to plead guilty. But a defendant's "bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw his guilty plea." United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). While under oath, White asserted that he was not being forced to plead guilty and that he was satisfied with his representation. His statements now, which appear to be contradicted by various parts of the record, fail to overcome the "strong presumption" favoring a finding that counsel's assistance fell within a constitutional range. Strickland, 466 U.S. at 689.

5

suggests the exact opposite to be the case: following White's later defense counsel's notice of appearance, the Court issued an order that permitted the defendant to file new motions as well as move for reconsideration of any prior filings. ECF No. 53. Accordingly, in addition to being moot, the Court deems White's ineffective assistance claims against his initial defense counsel to be purely speculative.

To the extent that some of White's ineffective-assistance claims are directed toward his second counsel, Mr. Walters, they also fail. Begin with the failure to investigate White's alibi. To prevail on an ineffective-assistance claim based on a failure to investigate, a petitioner must do more than simply state that counsel's investigation into his purported alibi would have changed his plea. In this context, prejudice turns "on the likelihood that discovery of the evidence would have led counsel to change his recommendation to the plea." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, White has failed to supply the names of any alibi witnesses or provide sufficient details for the Court to assess whether he was prejudiced by any alleged lack of investigation. Moreover, White admitted in his plea allocution that he committed the crimes charged in the indictment. Accordingly, White has failed to show deficient performance on this ground.

White also argues that his counsel rendered ineffective assistance of counsel by failing to challenge eyewitness testimony. The R&R recommended denying this argument on the basis that there is no categorical bar to eyewitness testimony, ECF No. 102 at 12, and because White did not offer any evidence that entitled him to a hearing on the eyewitness testimony, or that indicated that his counsel had been ineffective by failing to request one, id. at 13.

The Court agrees with the R&R. There is no per se rule requiring a hearing on eyewitness testimony, see United States v. Arhcibald, 734 F.2d 938, 940 (2d Cir. 1984). To prevail on an ineffective assistance claim predicated on the failure to request such a hearing, a petitioner must show "some likelihood for success at the hearing." Lynn v. Bliden, 443 F.3d 238, 248 (2d Cir. 2006). Yet White has failed to marshal any evidence in support of his claim that the eyewitness testimony was improper, or that his counsel acted deficiently by declining to file a motion to exclude eyewitness identification evidence. See United States v. O'Neil, 118 F.3d 65, 72-74 (2d Cir. 1997) (holding that the failure to file fruitless motions is not prejudicial).

White also alleges that his counsel failed to adequately prepare for trial. But the Court notes that the petitioner once again fails to explain what further preparation could have been undertaken by counsel or provide evidence that such preparation

his plea are contradicted by his own sworn statements and mooted by his second plea following appointment of new counsel. Accordingly, the Court finds that an evidentiary hearing would be inappropriate.

B. Fourth Amendment Violation

White also asserts that his Fourth Amendment rights were violated as the result of an illegal detention that led to the seizure of his cell phone. The R&R notes that the petitioner's guilty plea negates his ability to raise such a challenge under 28 U.S.C. § 2255. In his objections to the R&R, White argues that his guilty plea was rendered involuntary because of the Fourth Amendment issues surrounding the seizure of his phone.

In addition to the reasons mentioned in the R&R, the argument fails for another simple reason: the Government agreed not to use any of the evidence from White's cellphone at trial. ECF Nos. 23 at 2-3, 53 at 4. Indeed, White concedes this fact. See ECF No. 93 at 3. White therefore cannot argue that the voluntariness of his plea was affected by the Fourth Amendment violation because, even assuming there was a violation, White was aware that the Government would not use any evidence from his cellphone against him. See United States v. Combs, 2025 WL 485377, at*1 (S.D.N.Y. Feb. 12, 2025) ("The usual remedy for a Fourth Amendment violation is the suppression of evidence."). Thus, White cannot show that the plea rested "in any way on evidence that may have been improperly

9

seized." <u>United States v. Jones</u>, 43 F.4th 94, 107 (2d Cir. 2022). Accordingly, the Court rejects White's Fourth Amendment claim.

<u>IV.  Conclusion</u>

For the foregoing reasons, the Court hereby adopts the R&R in its entirety. Additionally, the Court declines to issue a certificate of appealability because White has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2).

SO ORDERED.

New York, NY
January 28, 2026

_____
JED S. RAKOFF, U.S.D.J.